# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* TO CERENCE, INC. | **MBD No. 1:21-mc-91718** |
| VB ASSETS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM LLC, AMAZON WEB SERVICES, INC., A2Z DEVELOPMENT CENTER, INC. d/b/a LAB126, RAWLES LLC, AMZN MOBILE LLC, AMZN MOBILE 2 LLC, AMAZON.COM SERVICES, INC. f/k/a AMAZON FULFILLMENT SERVICES, INC., and AMAZON DIGITAL SERVICES LLC,<br><br>    Defendants. | C.A. No. 1:19-cv-01410-MN<br>(District of Delaware)<br><br>**[REDACTED VERSION]** |

**AMAZON'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL CERENCE'S COMPLIANCE WITH THIRD-PARTY SUBPOENA**

## TABLE OF EXHIBITS

**Exhibits to the Declaration of Vigen Salmastlian**

| No. | Exhibit |
|---|---|
| A | U.S. Patent No. 7,818,176 (the "'176 patent") |
| B | U.S. Patent No. 8,073,681 (the "'681 patent") |
| C | U.S. Patent No. 8,886,536 (the "'536 patent") |
| D | U.S. Patent No. 9,015,049 (the "'049 patent") |
| E | U.S. Patent No. 9,269,097 (the "'097 patent") |
| F | U.S. Patent No. 9,626,703 (the "'703 patent") |
| G | First Amended Complaint (D.I. 22) filed in the patent case *VB Assets, LLC v. Amazon.com, Inc. et al*, Case No. 1:19-cv-01410-MN (D. Del.) on October 9, 2019 |
| H | June 2, 2003 internet archive capture of the webpage http://web.archive.org/web/20030602085019/http:/www.telesensory.com/SoundAdvice.html |
| I | August 11, 2003 internet archive capture of the webpage https://web.archive.org/web/20030811173024/http://www.voicebox.com/marketing/index.php |
| J | May 27, 2003 internet archive capture of the webpages https://web.archive.org/web/20030527180604/http://voicebox.com/ and https://web.archive.org/web/20030601111739/http://voicebox.com/documents/VoiceBox.wmv |
| K | June 1, 2003 internet archive capture of the webpages https://web.archive.org/web/20030601142144/http://voicebox.com/products/smartdisplay.php and https://web.archive.org/web/20031002220009/http://www.voicebox.com/documents/VoiceBox_smart.pdf |
| L | "Nuance Buys VoiceBox Technologies, Scooping Up Speech-Recognition and Natural -Language Pioneer" published on May 18, 2018 available at https://www.geekwire.com/2018/nuance-communications-buys-voicebox-technologies-scooping-another-seattle-area-company/ |
| M | Document Subpoena served on Cerence on May 21, 2021 |
| N | Excerpt from the cover pleading to Amazon's invalidity contentions served on plaintiff VB Assets, LLC in the patent case *VB Assets, LLC v. Amazon.com, Inc. et al*, Case No. 1:19-cv-01410-MN (D. Del.) |
| O | Email dated March 4, 2021 from Peiyao Zhang to Cassandra Ross |
| P | Email dated April 21, 2021 from Vigen Salmastlian to Alexis Coll-Very |
| Q | Email dated March 29, 2021 from Cassandra Roth to Peiyao Zhang |
| R | Cerence's Responses and Objections to Amazon's Subpoena to Produce Documents |
| S | Email dated April 27, 2021 from Alexis Coll-Very to Vigen Salmastlian |
| T | Email dated May 21, 2021 from Sandra Pomeroy Alexis Coll-Very |
| U | Email dated June 10, 2021 from Alexis Coll-Very to Vigen Salmastlian |
| V | Email dated June 10, 2021 from Vigen Salmastlian to Alexis Coll-Very |
| W | Email dated June 22, 2021 from Alexis Coll-Very to Vigen Salmastlian |

| X | Email dated June 23, 2021 from Vigen Salmastlian to Alexis Coll-Very |
|---|---|
| Y | Email dated June 25, 2021 from Vigen Salmastlian to Alexis Coll-Very |
| Z | Email dated July 6, 2021 from Vigen Salmastlian to Alexis Coll-Very |
| AA | Email dated July 12, 2021 from Vigen Salmastlian to Alexis Coll-Very |
| BB | Email dated July 20, 2021 from Min Wu to Alexis Coll-Very |
| CC | Email dated July 29, 2021 from Allen Wang to Alexis Coll-Very |
| DD | Email dated August 6, 2021 from Allen Wang to Alexis Coll-Very |
| EE | Email dated July 19, 2021 from Alexis Coll-Very to Min Wu and Vigen Salmastlian |
| FF | Letter dated October 6, 2021 from Vigen Salmastlian to Erik Carlson, counsel for VB Assets |
| GG | "Focus on safety when humans and machines interact" published in April 2015 available at https://www.ai-online.com/2015/04/focus-on-safety-when-humans-and-machines-interact/ |
| HH | Excerpt from "Spoken Language Processing: A Guide to Theory, Algorithm, and System Development" by Xuedong Huang et al., published in 2001 |

**Exhibits to the Declaration of Min Wu**

| No. | Exhibit |
|---|---|
| A | Email dated October 26, 2021 from Min Wu to Alexis Coll-Very |

**Exhibits to the Declaration of David Greenbaum (Filed Under Seal)**

| No. | Exhibit |
|---|---|
| 1 | NUAN-19-1410-00000019-105, titled "Agreement and Plan of Merger" ("Merger Agreement") |
| 2 | NUAN-19-1410-00000146-70, titled "Agreement and Transfer Agreement" |
| 3 | Nuance Form 8-K dated September 30, 2019 |
| 4 | NUAN-19-1410-00000823, titled "Schedule II: Nuance Retained Assets" |

Amazon[1] seeks straightforward relief: an order compelling Cerence, Inc. ("Cerence") to comply with a duly issued subpoena for documents unquestionably relevant to the invalidity claims in a pending patent litigation. There is no legitimate dispute that Cerence possesses the documents Amazon seeks—documents related to Cerence's predecessor VoiceBox, the original assignee of the patents asserted against Amazon in the underlying patent litigation—and Cerence has not identified any valid basis for withholding them. Amazon is conscious of its obligation to minimize the burden on a third party. But after months of fruitless negotiations with Cerence and after considerably narrowing the scope of the requested documents, Amazon files this motion as a last resort. Amazon respectfully requests that the Court compel full compliance with the document requests as fully described below.

## I.  INTRODUCTION AND NATURE OF THE LITIGATION

The underlying Litigation is currently in the middle of fact discovery. The parties recently stipulated to, and the Court granted, an extension of the case schedule at least in part due to delays in securing third-party discovery. (*VB Assets, LLC v. Amazon.com, Inc.,* Case No. 1:19-cv-01410-MN (D. Del.), Dkt. 100.)

The facts relevant to this motion are not in dispute. Cerence is the successor to VoiceBox Technologies Corp. and VoiceBox Technologies, Inc. (collectively "VoiceBox"), the original

---

[1] "Amazon" refers collectively to Amazon.com, Inc., Amazon.com LLC, Amazon Web Services, Inc., A2Z Development Center, Inc. d/b/a Lab126, Rawles LLC, AMZN Mobile LLC, AMZN Mobile 2 LLC, Amazon.com Services, Inc. f/k/a Amazon Fulfillment Services, Inc., and Amazon Digital Services LLC, each defendants in the case *VB Assets, LLC v. Amazon.com, Inc. et al*, Case No. 1:19-cv-01410-MN (the "Litigation"), currently pending in the United States District Court for the District of Delaware.

assignees of the patents asserted in the Litigation.[2]  In 2018, VoiceBox was acquired by Nuance Communications, Inc. ("Nuance").  As part of that transaction, Nuance acquired all VoiceBox assets and technology with the exception of eighteen U.S. patents, which VoiceBox transferred to a non-practicing entity called VB Assets, LLC—the plaintiff in the Litigation.  (*See* Greenbaum Decl., Ex. 2 at 11.)  The following year, Nuance spun out Cerence and transferred to that entity the previously-acquired VoiceBox assets and technology.  The specific assets transferred by Nuance to Cerence are described in exhibits referenced in Nuance's Form 8-K filing describing the spin-out, though the exhibits themselves are not publicly available.  (*Id.*, Ex. 3.)

VoiceBox developed technology that is relevant to the asserted patents and Amazon's invalidity defense in the Litigation.  Indeed, in its complaint against Amazon, VB Assets touts VoiceBox's "intense research efforts" to develop voice technology, including the Cybermind voice controlled speaker, Alexus personal assistant, and the Connected Home, and Mobile applications.  (Salmastlian Decl., Ex. G, ¶¶ 19-24.)  VoiceBox publicly demonstrated and sold this technology *years* before the earliest priority date of the asserted patents.  (Salmastlian Decl., Ex. K.)  Thus, documents and information related to these and other VoiceBox products are relevant to Amazon's defense of invalidity at least under 35 U.S.C. § 102(b).  And Cerence has these documents in its possession, as the sworn declaration of a Nuance corporate representative confirms.  (Greenbaum Decl. at ¶ 8.)

---

[2] In the Litigation, plaintiff VB Assets alleges infringement of U.S. Patent Nos. 8,073,681 (the "'681 patent"), 9,015,049 (the "'049 patent") (the "Baldwin patents"), U.S. Patent Nos. 7,818,176 (the "'176 patent"), 8,886,536 (the "'536 patent"), 9,269,097 (the "'097 patent") (the "Freeman patents"), and 9,626,703 (the "'703 patent" or "Kennewick patent").  (Salmastlian Decl., Exs. A-F.)

Accordingly, over six months ago, Amazon served a subpoena on Cerence seeking these VoiceBox documents. (Salmastlian Decl., Ex. M.) Since then, Amazon and Cerence have exchanged written correspondence and conferred by telephone twice on June 15 and July 16, 2021. In an effort to minimize the burden on Cerence, Amazon considerably narrowed its subpoena and document requests to only the following categories:

- **Document Requests Nos. 1-6, 13, 18**: Documents, products, and source code related to VoiceBox technology developed before September 15, 2015[3], and documents related to the public use, demonstrations, and actual or attempted licenses or sales of that technology (the "VoiceBox Technical Documents"). (*See, e.g.*, Salmastlian Decl., Ex. M.)

- **Document Request No. 16**: Schedules to the Nuance 8-K filing for the Cerence spin out, which specify the VoiceBox technology transferred from Nuance to Cerence (the "8-K Schedule Documents"). (*See, e.g.*, *id.*)

- **Document Requests Nos. 14, 15**: Documents and communications related to the VoiceBox acquisition and Cerence spinout, which identify the VoiceBox technology transferred to Cerence the "Spinout Documents"). (*See, e.g.*, *id.*)

Yet, to date Cerence has not produced a *single* document related to VoiceBox's technology. Cerence has also refused to produce the requested documents and communications related to the VoiceBox acquisition and Cerence spinout (including the requested 8-K schedules) that would identify the specific VoiceBox assets and technology in Cerence's possession, custody or control. Cerence has identified no valid basis—*e.g.*, a specific burden or confidentiality restriction—that would excuse its failure to comply with the subpoena. Cerence and its counsel have also ignored numerous follow-up communications attempting to resolve the parties' dispute over the subpoena, leaving Amazon no choice but to seek this Court's assistance in securing compliance.

---

[3] Amazon limited the time period covered by its request to September 15, 2015, which is the filing date of the asserted '703 patent.

## II. ARGUMENT

### A. The documents Amazon seeks are relevant to its claims and defenses in the underlying litigation.

Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  The same standard applies to subpoenas.  *In re Peruvian Sporting Goods S.A.C.*, No. CV 18-MC-91220, 2018 WL 7047645, at *4 (D. Mass. Dec. 7, 2018) (a "Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)" which "generally permits liberal discovery of relevant information."); *see also Secs. & Exch. Comm'n v. Present*, No. CV 14-14692-LTS, 2016 WL 10998438, at *4 (D. Mass. Mar. 11, 2016) (denying the motion to quash subpoena where "the production of information . . . is not overly broad or burdensome.").

Request Nos. 1-6, 13, and 18 seek documents, products, and source code related to VoiceBox technology.  These documents are highly relevant and discoverable.[4]  First, in its Amended Complaint, plaintiff VB Assets alleges that the technology VoiceBox developed is relevant to the asserted patents.  According to the complaint, VoiceBox was formed in 2001 and developed certain natural language understanding ("NLU") technology[5] that "enable[d] people to naturally and effectively interact with computer speech systems."  (Salmastlian Decl., Ex. G, ¶

---

[4] In its response to the subpoena, Cerence asserts a boilerplate objection that the requests "seek[] documents that are n[ot] relevant to any party's claims or defenses."  (*See, e.g.*, Salmastlian Decl., Ex. R at 5.)

[5] In the field of artificial intelligence, natural language understanding or "NLU" refers to the computer process of understanding the appropriate context for interpreting the words of a user's utterance. Salmastlian Decl., Ex. HH at 7.  For example, the Baldwin patents explain that a user's spoken request "What about traffic" can mean the "Rock and Roll band let by . . . Steven Winwood," the "film directed by Steven Soderbergh," and "conditions on roads along a route." ('681 patent, 11:10-20.)  The appropriate interpretation of "traffic" depends on whether the appropriate context is music, movies, or navigation.

18.) VoiceBox developed a voice-controlled speaker called "Cybermind" that allegedly used this NLU technology to interpret a user's request based on the appropriate context to "provide weather, recipes, sports scores, calendar updates, or play a song." (*Id.*, ¶ 19.) VoiceBox also allegedly collaborated with third-parties to implement its "NLU interface" into third party products such as Toyota, Lexus, Chrysler, and Dodge automobiles, TomTom and Magellan GPS systems, and others. (*Id.* ¶¶ 20, 21, 23.) The asserted patents, which identify VoiceBox as the original assignee, discuss NLU technology used in these VoiceBox products.[6] Documents related to VoiceBox's technology are thus relevant at least to these allegations by VB Assets.

Second, evidence of VoiceBox's public demonstrations, public uses, and offers to license and sell this NLU technology is relevant to Amazon's invalidity defense. Indeed, in its invalidity contentions in the Litigation, Amazon identified VoiceBox's "Cybermind System" as a prior art system that anticipates and renders obvious the asserted claims. (*Id.*, Ex. N at 8-11, 17-19, and 21.) VoiceBox's Cybermind product qualifies as prior art to the asserted patents because it was publicly demonstrated, marketed, and offered for sale at least as early as 2003, more than one year before the filing date of each asserted patent. (*Id.*, Ex. J (publicly demonstrating the Cybermind system on a TV news program); *id.* ("VoiceBox Software Click here for ordering information"); Ex. I ("VoiceBox has created a Test Marketing Program to get feedback on the

---

[6] The Baldwin patents disclose an NLU that determines the appropriate context of a user's utterance by using shared information from the current conversation and/or past conversations. ('681 patent, 1:30-33; claim 1; '049 patent, claim 1.) The Freeman patents disclose an NLU that "generate[s] a context-based interpretation of the utterance" for different domains such as "navigation, music . . . [and] e-commerce." ('176 patent, 4:25-32; '536 patent, claim 1.) And the Kennewick patent discloses an NLU that "process[es] inputs" such as voice, GPS, sensor data, and others "to determine context information." ('703 patent, 11:11-16, claim 1.) As discussed above, the NLU of the VoiceBox products identified in the amended Complaint used similar domains such as music, weather, GPS navigation, and others to interpret the words of a user's utterance.

development of current and future versions of VoiceBox products"); Ex. H (identifying a third-party product for sale in 2003 that implemented VoiceBox's Cybermind software).) The VoiceBox documents that Amazon seeks from Cerence are important because they may establish the capabilities and functionalities of VoiceBox's products and systems, and therefore show the asserted patents filed years later are invalid under § 102(b). *See, e.g.*, *Finjan, Inc. v. Symantic Corp.,* C.A. No. 10-cv-593 (GMS), 2013 WL 5302560 at *15 (D. Del. Sept. 19, 2013) ("sales contract, source code, and product manuals" sufficient evidence to establish existence of invalidating prior art system supporting jury's invalidity verdict). The requested demonstrations, licenses, and sales may also show public use and actual sales of specific versions of the requested VoiceBox products and software, which may constitute an invalidating public use. *See Hilsinger Co. v. Eyeego, LLC*, No. 13-CV-10594-IT, 2016 WL 5388944, at *9 (D. Mass. Sept. 26, 2016), aff'd, 695 F. App'x 576 (Fed. Cir. 2017) (holding patent invalid based on public use under § 102(b)).

Request Nos. 14-16 seek documents related to the VoiceBox acquisition, Cerence Spinout, and the 8-K filing schedules describing the spinout. These documents are relevant because they would identify the full scope of VoiceBox products, documents, and source code in Cerence's possession, and may lead to the discovery of additional evidence supporting Amazon's invalidity defense. Moreover, communications related to the VoiceBox acquisition by Nuance and subsequent Cerence spinout would likely discuss VoiceBox's products, technology, and intellectual property, and likely include technical descriptions, software, and/or evaluations of VoiceBox products that were transferred to Cerence. Such information is reasonably calculated to lead to the discovery of VoiceBox documents relevant to Amazon's invalidity case. *Finjan, Inc.,* 2013 WL 5302560 at *15; *see also Haworth, Inc. v. Steelcase, Inc.*, No. 1:89 CV 373, 1993

8

WL 489704, at *3 (W.D. Mich. May 13, 1993) (compelling production of prior art documents in response to third-party subpoena, finding document request reasonably calculated to lead to the discovery of admissible evidence).

The Court should overrule Cerence's boilerplate relevance objections, and should compel production of the requested documents, which are directly relevant to the asserted patents and Amazon's invalidity defense.

**B.     None of Cerence's other untimely objections justifies its failure to comply with the subpoena.**

Cerence refuses to comply with Amazon's document requests because it contends (1) the requested documents are not in its possession, custody, or control; and (2) the requested 8-K schedules are confidential and include sensitive commercial information. Each of Cerence's objections lack merit.

First, Cerence's objection that the requested information is "in the custody and control of a different third-party, Nuance, or Plaintiff V.B. Assets" is inconsistent with the factual record. (*See, e.g.*, Salmastlian Decl., Ex. R at 5.) As discussed above, in 2018 Nuance acquired all VoiceBox assets except for 18 patents, which were assigned to plaintiff VB Assets. (Greenbaum Decl., Ex. 1, Agreement and Plan of Merger between Nuance and VoiceBox; Ex. 2, Assignment and Transfer Agreement between Nuance, VoiceBox and VB Assets, including a Patent Assignment Agreement between VoiceBox and VB Assets at 11.) Nuance then spun out all of the assets it acquired from VoiceBox into Cerence. (Greenbaum Decl., Ex. 3.) The Form 8-K filing describing this transaction refers to unpublished schedules that identify the specific Nuance assets transferred to Cerence. According to a Nuance corporate representative, the assets transferred to Cerence included ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████
     ██████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████ (Salmastlian Decl., ¶¶ 36-37, Ex. FF.)

Second, Cerence's objection that the requested 8-K schedules purportedly "constitute or contain trade secrets or other confidential . . . or sensitive commercial or private information" (*see, e.g.*, Salmastlian Decl., Ex. R at 20; Exs. P and Q.) is not a valid basis on which to withhold otherwise relevant documents. The Court in the Litigation has entered a rigorous Protective Order

---

[7] ████████████████████████████████████████ Responsive emails from this email archive have been produced by Nuance.

that protects documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from "disclos[ure] to any person who is not entitled to receive such information as herein provided." (*VB Assets, LLC v. Amazon.com, Inc.,* C.A. 1:19-cv-01410-MN, Dkt. No. 39, ¶¶ 2.1.2, 6.1.)  These protections apply with equal force to documents produced by non-parties like Cerence. (*Id.*, ¶ 7.)  Indeed, Amazon served a copy of the Protective Order with the subpoena in May 2021; Cerence never indicated that the provisions of the Protective Order were insufficient.  Had Cerence done so in good faith and proposed a modification to the Protective Order for purposes of Cerence's production, Amazon would have considered it.  Regardless, courts have repeatedly held that confidentiality concerns alone do not justify non-compliance with a subpoena, particularly where, as here, a protective order is in place.  *See In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *11 (D. Mass. Nov. 13, 2013) (objection to subpoena based on disclosure of confidential information overruled where such information would be disclosed under protective order); *Cash Today of Tex., Inc. v. Greenberg*, No. Civ.A. 02-MC-77-GMS, 2002 WL 31414138, at *3-4 (D. Del. Oct. 23, 2002) ("disclosure of confidential or trade secret material is insufficient to support a motion to quash" especially when a "protective order [is] currently in place between the parties to encompass any information gathered pursuant to the subpoena").  To the extent that the requested schedules include confidential information *unrelated* to the requested VoiceBox products, technology, source code, and other documents, Cerence could also redact that information.  The Court should overrule Cerence's objection on this basis.

      **C.**      **Cerence has consistently obstructed Amazon's efforts to secure documents supporting its invalidity defense, and Amazon requires the Court's assistance to secure compliance.**

Since Amazon learned that Nuance spun out VoiceBox as Cerence, Amazon has diligently pursued production of the VoiceBox documents from Cerence. After months of delay, Cerence has produced only *eleven* documents, none of which are responsive to Document Request Nos. 1-6, 13-16, and 18.[8] At every turn, Cerence has obstructed discovery of relevant VoiceBox documents related to Amazon's invalidity case. Amazon has no other means to obtain the requested documents.

Amazon initially requested VoiceBox documents via subpoena to Nuance. (Salmastlian Decl., Ex. N.) When Nuance indicated that it transferred all VoiceBox assets to Cerence as part of a spin out, Amazon requested that Nuance produce the schedules to the 8-K spinout agreement so that Amazon could pursue discovery of the relevant VoiceBox documents transferred to Cerence. (Salmastlian Decl., ¶ 16 and Ex. O; Greenbaum Decl. ¶ 8.) While Nuance agreed to produce these schedules, Cerence withheld consent based on confidentiality, despite the fact that the protective order in the Litigation already provided adequate safeguards for any purportedly confidential information. (Salmastlian Decl., Exs. P and Q (March 29, 2021 Email from Cerence's counsel, stating that "Cerence has not consented to Nuance's production of multiple of the listed schedules.").)

---

[8] Cerence's July 19 production included only a 2015 Patent Purchase Agreement identifying a set of VoiceBox patents purchased by Nuance before it acquired VoiceBox in 2018, a Nondisclosure Agreement, and status charts for VoiceBox patents and patent applications.

Even after Amazon subpoenaed Cerence, Cerence missed deadlines, ignored follow-up correspondence, and failed to follow through on commitments made during the parties' two telephone conferences. On June 14, just two business days after Cerence purportedly first received the subpoena,[9] Cerence claimed it "ha[d] not identified any responsive documents" after performing a "reasonably diligent search." (*See, e.g.*, Salmastlian Decl., Ex. R, Responses to Document Request Nos. 1, 2, 12, 18.) But during a call the very next day, Cerence's counsel confirmed it did not search for any of the "Cerence Products" requested by the subpoena. (*Id.*, ¶ 22.) On the same call, Cerence agreed to apply search terms based on the specific VoiceBox technology identified in the subpoena and provide the results of that search by June 22. (*Id.*; *see also id.*, Ex. M, Definitions 10-13.) Not only did Cerence cancel a scheduled call on June 22, (Salmastlian Decl., Ex. W), but it failed to provide the search results as promised, ignored two separate follow up e-mail messages (*Id.*, Exs. X, Y), and did not provide an "update" on its search by June 28, as it had promised. (*Id.*, Ex. Z at 2, AA).

Cerence finally agreed to confer again with Amazon via telephone on July 16. (Wu Decl., ¶ 2.) During that call, Cerence claimed that it could not identify any VoiceBox technical documents, but refused to provide any information about the purported search it conducted, including whether it ran the search terms the parties had previously discussed. (*Id.*) Indeed, despite numerous requests, Cerence has not described the nature of the search it purportedly

---

[9] Amazon served its subpoena on May 21, 2021. (Salmastlian Decl., Ex. M.) Cerence failed to respond to the subpoena by the deadline of June 4, 2021. On June 10, 2021, after counsel for Amazon notified Cerence that the deadline for its objections lapsed, Ms. Coll-Very claimed that she did not receive service of the subpoena via FTP. *Id.* Ex. U at 1, 4. As a courtesy, on June 10 Amazon served the subpoena again via email and extended Cerence's deadline to respond until June 14. (*Id.*, Ex. V at 1-2.)

13

conducted, leaving Amazon no ability to test its reasonableness.  (Salmastlian, Exs. BB, CC, DD.)  And while Nuance ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Greenbaum Decl., ¶ 8), Cerence did not search any of these laptops for relevant VoiceBox documents.  (Salmastlian Decl., Exs. EE, DD.)

Cerence cannot credibly assert that it has none of the requested VoiceBox documents, while refusing to run the agreed search terms, search VoiceBox employee laptops, and produce the 8-K schedules and communications to the spinout that would disclose the specific VoiceBox assets transferred to Cerence.  *See In re Novo Nordisk Secs. Litig.*, 530 F. Supp. 3d 495, 505 (D.N.J. 2021) (third party's "conclusory" statement that it was not able to locate certain requested documents without explaining how "a reasonable search" was conducted is not sufficient to show compliance with the subpoena).  Since July 19th, Cerence has also ignored emails on July 20, July 29, and August 6 inquiring about Cerence's deficient production.  (Salmastlian Decl., Exs. BB, CC, DD; Wu Decl. Ex. A.)  Given Cerence's failure to comply with the subpoena or to meaningfully cooperate in the meet and confer process, Amazon has no choice but to seek the Court's assistance to enforce the subpoena.

**III.   CONCLUSION**

For the foregoing reasons, Amazon respectfully requests that the Court order Cerence to fully comply with the subpoena and produce the documents requested by Amazon's subpoena.  In particular, Amazon requests that this Court order Cerence to (1) produce within 14 days all requested 8-K schedules and documents and communications related to the VoiceBox acquisition and Cerence spinout, and (2) after Amazon has reviewed these productions, require Cerence to run a list of search terms provided by Amazon across Cerence's central repository and VoiceBox employee laptops.

Dated: December 3, 2021

Of Counsel:

J. David Hadden, CSB No. 176148
 dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
 sshamilov@fenwick.com
Ravi R. Ranganath, CSB No. 272981
 rranganath@fenwick.com
Johnson Kuncheria, CSB No. 335765
 jkuncheria@fenwick.com
Vigen Salmastlian, CSB No. 276846
 vsalmastlian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Jessica Lin, NYB No. 5035860
jessica.lin@fenwick.com
FENWICK & WEST LLP
902 Broadway #14
New York, NY 10010
(212) 921-2001

Respectfully submitted,

/s/ Alison C. Casey

Heather B. Repicky (BBO # 663347)
heather.repicky@btlaw.com
Alison C. Casey (BBO # 688253)
alison.casey@btlaw.com
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Tel: (617) 316-5310

Counsel for Defendants
Amazon.com, Inc., Amazon.com LLC,
Amazon Web Services, Inc., A2Z
Development Center, Inc. d/b/a Lab126,
Rawles, LLC, AMZN Mobile LLC, AMZN
Mobile 2 LLC, Amazon.com Services, Inc.
f/k/a Amazon Fulfillment Services, Inc., and
Amazon.com Services LLC

## CERTIFICATE OF SERVICE

    I certify that on December 3, 2021 this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and that copies will be served on those non-registered participants.

/s/ Alison C. Casey