IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In RE SUBPOENA DUCES TECUM TO CERENCE, INC. | ) ) Misc. Action No.: 1:21-mc-91718-RGS ) ) |
| VB ASSETS, LLC,<br>    Plaintiff,<br>v.<br>AMAZON.COM, INC, AMAZON.COM LLC, AMAZON WEB SERVICES, INC., A2Z DEVELOPMENT CENTER, INC. d/b/a LAB126, RAWLES LLC, AMZN MOBILE LLC, AMZN MOBILE2 LLC, AMAZON.COM SERVICES, INC f/k/a AMAZON FULFILLMENT SERVICES, INC. and AMAZON DIGITAL SERVICES, LLC.,<br>    Defendants. | ) ) ) C.A. No. 1:19-cv-01410-MN ) ) ) ) ) ) ) ) ) ) ) ) |

## STATUS REPORT AND RESPONSE OF NON-COMPLIANCE

Third-Party Cerence Inc. ("Cerence") has attempted in good faith to work with the Amazon Parties ("Amazon") to comply with the overbroad and extremely burdensome subpoena and with this Court's directives since April 2022. Cerence has complied to the best of its ability under the difficult circumstances presented to date.

On Friday May 6, this Court ordered Cerence Inc. to provide an unredacted copy of Schedule H and to run additional searches for documents based on the unredacted schedule, if requested by Amazon. Cerence complied with that order and provided a copy to Amazon's counsel on the morning of Wednesday, May 11, 2022. On Thursday, May 12, 2022 Amazon's counsel then provided a list of eight new search terms/string to be run based on the unredacted schedule. Cerence was provided a copy of those search terms and began to execute the complicated search. On May 16, 2022, Cerence's counsel informed Amazon's counsel on that

the search was underway but that Cerence would not be able to meet the court ordered deadline of May 16, 2022 due to the complex, time consuming nature of the search.

The requested search is complicated because, as Amazon is fully aware, the documents it seeks are old and do not relate to Cerence's current business. Any relevant and responsive documents would have been generated nearly a decade ago by an entirely different entity and subsequently been transferred to Nuance and then, possibly, Cerence. As discussed among the Parties for several months, any documents that are potentially responsive to the Subpoena (and search terms) are not maintained on Cerence's current servers or in any single data repository; a search for them requires a labor intensive manual search through historic archives and old standalone computers that belonged to former Nuance/Cerence employees. As previously discussed among counsel, there are no current Cerence employees who are aware of whether Cerence has, or has ever had, any of the documents that Amazon now seeks. The fact that Nuance personnel believe some documents were transferred during the Cerence spin-out from Nuance prompted Cerence to agree to search for these possible documents. However, the new search terms required an entirely new search through these old, decentralized, and outdated sources. Cerence is searching for needles in multiple haystacks and searching without the benefit of knowledgeable employees. This is a burdensome and time intensive exercise for a disinterested third-party to undertake. Significantly, these documents may never have been in Cerence's custody or control or may not have been in its custody or control at the time the Subpoena was served, two years after Cerence was spun out of Nuance.

In the four business days since this Court's most recent order directing Cerence to provide specific details about its search methodology and the status of its search, counsel has been unable to reach the in-house attorney responsible for conducting the search despite diligent

efforts through email and phone.  Counsel respectfully requests that this Court grant an additional week – until June 14 – to provide *all* of the specific details that the Court, and Amazon, request. Furthermore, in the event that it is considering issuing sanctions after receipt of this status report, Counsel respectfully requests a hearing before the Court to address any specific concerns this Court may have and to provide further context into Cerence's months-long efforts and the delays that have been encountered while Cerence has tried to comply with the Subpoena and directions of this Court.

Dated: June 7, 2022                                     Respectfully Submitted,

/s/ Virginia Calistro
Virginia Calistro (BBO# 705185)
GOODWIN PROCTER LLP
*VCalistro@goodwinlaw.com*
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231

Alexis Coll-Very (pro hac vice)
GOODWIN PROCTER LLP
*ACollVery@goodwinlaw.com*
601 Marshall Street
Redwood City, California 94063
Tel.: (650) 752-3100
Fax: (650) 853-1038

*Counsel for Third Party Witness Cerence Inc.*

**CERTIFICATE OF SERVICE**

I certify that on June 7, 2022 this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing.

/s/ Virginia Calistro
Virginia Calistro (BBO# 705185)